IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

V.

GERALD KOCH,
AKA JERRY,
                DEFENDANT.

INDICTMENT
3:09-CR- **555**

[TJM]
[Broome]

U.S. DISTRICT COURT - N.D. OF N.Y.
**FILED**
OCT - 8 2009
AT_____ O'CLOCK_____
Lawrence K. Baerman, Clerk - Binghamton

THE GRAND JURY CHARGES THAT:

## COUNT 1
### [PERSUADING, INDUCING AND ENTICING A MINOR TO ENGAGE IN SEXUAL ACTIVITY]

Between in and about September of 2008 and June of 2009, in the Northern District of New York and elsewhere, **GERALD KOCH**, the defendant herein, while using a facility and means of interstate and foreign commerce, which included text messaging, picture messaging, and wire communications by use of cellular telephones, knowingly attempted to and did persuade, induce, and entice a minor under eighteen (18) years of age, whose identity is known to the grand jury, to engage in sexual activity for which defendant can be charged with a criminal offense pursuant to New York State Penal Law prohibiting Attempted Rape in the Third Degree [NYSPL 110/130.25(2)], Attempted Criminal Sexual Act in the Third Degree [NYSPL 110/130.40(2)], and Endangering the Welfare of a Child & Attempt [NYSPL 260.10(1) & 110/260.10(1)]; and Title 18 Pennsylvania Criminal Statutes prohibiting Corruption of Minors [Title 18 Pa..C. S. Section 6301].

In violation of Title 18, United States Code, section 2422(b).

1

## COUNT 2
## [TRANSPORTING A MINOR IN INTERSTATE COMMERCE TO ENGAGE IN SEXUAL ACTIVITY]

Between in and about September of 2008 and June of 2009, in the Northern District of New York and elsewhere, **GERALD KOCH**, the defendant herein, knowingly attempted to and did transport a minor, whose identity is known to the grand jury and who was at that time under the age of 18 years, in interstate commerce from the State of New York to the State of Pennsylvania, with intent that the minor engage in sexual activity for which defendant can be charged with a criminal offense pursuant to New York State Penal Law prohibiting Attempted Rape in the Third Degree [NYSPL 110/130.25(2)], Attempted Criminal Sexual Act in the Third Degree [NYSPL 110/130.40(2)], and Endangering the Welfare of a Child & Attempt [NYSPL 260.10(1) & 110/260.10(1)]; and Title 18 Pennsylvania Criminal Statutes prohibiting Corruption of Minors [Title 18 Pa..C. S. Section 6301].

In violation of Title 18, United States Code, section 2423(a) & (e).

## COUNT 3
## [TRAVEL IN INTERSTATE COMMERCE WITH INTENT TO ENGAGE IN ILLICIT SEXUAL CONDUCT WITH A MINOR]

Between in and about September of 2008 and June of 2009, in the Northern District of New York and elsewhere, **GERALD KOCH**, the defendant herein, attempted to and did travel in interstate commerce for the purpose of engaging in illicit sexual conduct with a minor under 18 years of age and whose identity is known to the grand jury.

In violation of Title 18, United States Code, section 2423(b) & (e).

## COUNT 4
## (TAMPERING WITH A WITNESS/VICTIM)

Between in and about September of 2008 and June of 2009, in the Northern District of New York and elsewhere, **GERALD KOCH**, the defendant herein, knowingly attempted to and did corruptly persuade another person, with intent to influence, delay, and prevent the testimony of any person in an official proceeding, and to hinder, delay, and prevent the communication to a law enforcement officer of information relating to the commission and possible commission of a federal offense.

All in violation of Title 18, United States Code, Sections 1512(b)(1) &(b)(3).

## FORFEITURE ALLEGATION

1. The allegations contained in Counts 1, 2 and 3 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to title 18, United States Code, Section 2428.

2. Pursuant to Title 18, United States Code, Section 2428, upon conviction of an offense in violation of Title 18, United States Code, Sections 2422(b), 2423(a) and (e), or 2423(b) and (e), the defendant, **GERALD KOCH** shall forfeit to the United States of America any property, real or personal, that was used or intended to be used to commit or to facilitate the commission of the offense and any property, real or personal, constituting or derived from any proceeds obtained, directly or indirectly, as a result of the offense. The property to be forfeited includes, but is not limited to, the following:

A. 1998 Black Audi bearing Pennsylvania license plate number GXS6986, Vin #WAUED68DXWA024133, registered to Gerald Koch.

3. If any of the property described above, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party,

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

**A TRUE BILL**

Dated: October 8, 2009
Binghamton, New York

_____
FOREPERSON OF THE GRAND JURY

ANDREW T. BAXTER
UNITED STATES ATTORNEY

_____
By: Miroslav Lovric
Assistant U.S. Attorney