IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*   Case No.  3:09  - CR - 555  (1)

UNITED STATES OF AMERICA

                                                                           GOVERNMENT'S SENTENCING
                                                                           MEMORANDUM

       v.

GERALD KOCH,
         Defendant.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

      The United States of America, by and through its counsel of record, the United States Attorney for the Northern District of New York, hereby files its sentencing memorandum requesting that:

      1) the Court sentence defendant to a term of imprisonment within the sentencing guidelines range as calculated in the PSR; and

      2) impose a Life term of supervised release.

## INTRODUCTION

      On March 31, 2010, the defendant entered a guilty plea to Count 1 of a four count Indictment, charging Persuading, Inducting, and Enticing a Minor To Engage In Sexual Activity, in violation of 18 U.S.C.§2422(b).

## II

**APPLICABLE STATUTORY AND GUIDELINES PROVISIONS**

**Statutory Maximum and Minimum Sentences**

      The defendant's conviction subjects the defendant to a statutory maximum term of Life imprisonment and a statutory minimum term of 10 years imprisonment; a Life maximum term of

supervised release; and a maximum fine of $250,000.

**Plea Agreement**

Defendant and the government have entered into a written plea agreement which has been filed with the Court. The plea agreement is not binding upon the Court.

In the plea agreement, defendant has admitted to the following facts. Between September of 2008 and June of 2009, in the Northern District of New York and elsewhere, defendant Koch, while using a facility and means of interstate and foreign commerce, which included text messaging, picture messaging, and wire communications by use of cellular telephones, knowingly attempted to and did persuade, induce, and entice a minor under eighteen (18) years of age (hereinafter "the victim") to engage in sexual activity for which defendant can be charged with a criminal offense pursuant to New York State Penal Law prohibiting Attempted Criminal Sexual Act in the Third Degree [NYSPL 110/130.40(2)], Endangering the Welfare of a Child & Attempt [NYSPL 260.10(1) & 110/260.10(1)], or Attempted Rape in the Third Degree [NYSPL 110/130.25(2)]; and pursuant to Title 18 Pennsylvania Criminal Statutes prohibiting Corruption of Minors [Title 18 Pa..C. S. Section 6301]. At the time, Koch was the varsity soccer coach at Blue Ridge High School in Pennsylvania. The victim was a student at that school and was also coached by defendant on the school team. The victim was 15 years old and on the school soccer team being coached by defendant when the communications between the victim and Koch commenced. The victim was 16 years old when Koch engaged in sexual activity with the victim. Koch purchased and provided to the victim cellular telephones bearing telephone numbers 607-743-8246 and 607-242-7445. Koch gave the victim the cellular telephones for the express purpose of communicating with the victim by way of texting and telephonic conversations. Between September of 2008 and June of 2009,

Koch routinely texted and conversed with the victim by way of the cellular telephones. Koch communicated with the victim via cellular telephones regarding his intention to engage in sexual acts with the victim; discussed the various types of sex acts that Koch intended to perform upon the victim; discussed with the victim the kind of sexual activity which he and the victim had already engaged in and consummated; discussed and planned with the victim as to when, where, and how defendant would meet the victim for the purpose of engaging in sexual activity with the victim; and discussed and planned with the victim how and when defendant would pick up the victim from high school in order to engage in sexual activity with the victim. Additionally, Koch utilized cellular telephones to send to the victim sexually explicit images and videos of himself and he requested that the victim reciprocate and send him sexually explicit images of herself.

On several occasions between September of 2008 and June of 2009, Koch drove his 1998 Black Audi vehicle bearing Pennsylvania license plate number GXS6986 from Binghamton, New York to Blue Ridge High School in Pennsylvania and picked up the victim after school. Koch then drove the victim to a secluded area in Pennsylvania and engaged in sexual intercourse with the victim inside his 1998 Audi vehicle. On one occasion during this time period, defendant transported the victim in his 1998 Black Audi vehicle from Binghamton, New York to a residence in Brackney, Pennsylvania and engaged in sexual intercourse with the victim at that residence. Defendant engaged in sexual intercourse with the victim at that residence on several occasions.

In February of 2009, Koch became aware that law enforcement was investigating Koch's communications and contact with the victim. Thereafter, Koch encouraged the victim to lie to law enforcement about their sexual activity and communications. Koch also encouraged the victim to lie if called to testify at any proceedings. Koch also encouraged the victim and another witness to

delete their text messages stored on their cellular telephones. The communications between Koch and the victim occurred via telephones and also to a lesser degree by way of computer on MySpace and America Online Instant Messaging.

**Offense Level**

Defendant's Total Offense Level is a 31, as reflected in the Presentence Investigation Report (PSR).

**Acceptance of Responsibility**

The defendant is entitled to a two-level downward adjustment to his offense level for acceptance of responsibility pursuant to U.S.S.G. §3E1.1(a). The government moves for an additional one-level downward adjustment pursuant to U.S.S.G. § 3E1.1(b) to credit the defendant for having "assisted authorities in the investigation and/or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently."

**Criminal History Category**

According to the presentence report, the defendant's criminal history category is I. The government agrees with the Probation Office's determination of the defendant's criminal history category.

**Guidelines Range and Sentence**

The combined offense level is 31 and the criminal history category is I. This is consistent with the calculations in the presentence report. As a result of the above-described calculations, the federal sentencing guidelines sections advise that the defendant receive a sentence of 120 months

(which is the statutory mandatory minimum of 10 years) to 135 months imprisonment. The statutory mandatory minimum is 10 years imprisonment.

## III

### GOVERNMENT'S SENTENCING RECOMMENDATION

Based on all of the information before the Court, the government respectfully requests that the Court impose a guidelines sentence (120 months -135 months imprisonment). The sentence that the government recommends here is sufficient, but not greater than necessary to comply with the sentencing purposes in 18 U.S.C. § 3553(a)(2).

"[I]n the ordinary case, the Commission's recommendation of a sentencing range will 'reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives.'" *Kimbrough v. United States*, 552 U.S. 85 (2007); *see*, *e.g.*, *Gall v. United States*, 552 U.S. 38 (2007) (Guidelines are "the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions"). Moreover, within-guidelines sentences promote Congress's goal in enacting the Sentencing Reform Act – "to diminish unwarranted sentencing disparity." *Rita v. United States*, 551 U.S. 338, 354 (2007).[1]

---

[1] The government reserves the right to respond to any defense arguments raised for the first time after filing of this memorandum. Similarly, if the Court is considering a *sua sponte* departure from the applicable sentencing guidelines range on a ground not previously identified by the parties or in the Presentence Investigation Report, the parties are entitled to notice and an opportunity to respond. *See* Fed R. Crim. P. 32(i)(1)(c), 32 (h).

Respectfully submitted this 12th day of August, 2010

RICHARD S. HARTUNIAN
United States Attorney


By: _____/S/_____
    Miroslav Lovric
    Assistant United States Attorney

**CERTIFICATE OF SERVICE FOR ELECTRONIC CASE FILING SYSTEM**

      I hereby certify that on August 12, 2010, I electronically filed with the NDNY Clerk of the District Court using the CM/ECF system the above-referenced document(s) in connection with the above-referenced case. The CM/ECF system automatically sent electronic notifications of such filing to the attorneys of record in this case, as maintained by the District Court Clerk's Office, AND who are properly registered in the CM/ECF system for the NDNY as required pursuant to NDNY General Order #22. As for any attorney of record in this case who is not registered in the CM/ECF system for the NDNY, the government has caused to be mailed or faxed to that attorney either the actual CM/ECF electronic notification/e-mail as received from the CM/ECF system by the government and/or the actual documents being filed. Therefore, the non-registered attorney(s) will receive the same electronic ECF notice with the same information as will the attorney(s) who is/are registered in the CM/ECF system.

                                            /S/
                                      Miroslav Lovric
                                      Assistant U.S. Attorney